BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. CR 07-0308 CRB |
| v. | ) DEFENDANT'S SENTENCING MEMORANDUM |
| FRANK TOLENTINO, | ) |
| Defendant. | ) |

**INTRODUCTION**

Frank Tolentino is 28 years old. One would not have predicted that he would be standing for sentencing in federal court. As a child, he had a reasonably comfortable and stable upbringing in Santa Clara County, where he lives today with his parents and siblings. He received a college education and, in 2002, embarked on a career in entertainment and nightclub promotions. It was this career that proved to be his undoing. Mr. Tolentino has observed that a serious hazard in his career was the prevalence of drugs and alcohol. He admits that he was quickly drawn in. He believes that drug use seriously affected his judgment.

In March 2006, Mr. Tolentino suffered his first, and only, prior conviction—a check fraud case for which he is now serving a period of probation. Although it may have seemed minor at the time, it was the first act of a short drama with a dire conclusion.

DEFT SENT MEMO                           - 1 -
*U.S. v. Tolentino*, CR 07-0308 CRB

A few months later, in July and August of 2006, Mr. Tolentino mailed 65 grams of methamphetamine to an undercover agent in South Florida. The methamphetamine, was found to be of 30% purity—a clear measure of Mr. Tolentino's lack of sophistication. The drugs were valued at roughly $4500. The final price of Mr. Tolentino's brief 2006 crime spree is far greater. By statute, he now faces a mandatory minimum five-year term, based on a drug weight above 50 grams. 21 U.S.C. § 841(b)(1)(B). Although individuals in similar circumstances can escape that harsh outcome, Mr. Tolentino is ineligible for so-called "safety valve" sentencing, due to his sole prior—the check fraud conviction.

Consequently, Frank Tolentino asks the Court to impose the smallest sentence permitted by law, sixty months in custody. This request is mirrored by the sentencing recommendation in the PSR and by the plea agreement.

## DISCUSSION

### I. Procedural History

This case originated out of the Southern District of Florida. The investigation emanated from that district and it was from there that the arrest warrant was issued. Mr. Tolentino was found in our district (at his home) and hence made his initial appearance here in November, 2006.

After his release, Mr. Tolentino traveled to Florida and the prosecution commenced. In very short order, he decided to resolve the matter and requested assistance in this district in arranging a transfer, pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

In the months while negotiations were pending, Mr. Tolentino successfully submitted to pretrial supervision, including drug testing and counseling. Eventually, terms for the transfer were set. Under the agreement, Mr. Tolentino accepted responsibility for an amount of drugs that triggered the five-year mandatory minimum, though the agreement permitted a safety-valve reduction, if he were deemed eligible. The government agreed to recommend a low-end sentence, in any event.

1   Prior to sentencing, Mr. Tolentino attempted to secure expungement of his prior conviction, to
2   thereby gain access to a sentence below the statutory minimum.  Unfortunately, although the state
3   court ultimately reduced his prior conviction to a misdemeanor, no expungement was granted.
4   Exhibit A, attached.

5   **II.    Reasonableness of Requested Sentence**

6   A sixty-month sentence amply addresses the various statutory goals of sentencing under 18
7   U.S.C. § 3553.  Considering the nature of this case, no greater sentence is needed to satisfy the
8   punitive, protective and deterrence goals.  The mandated sentence far outweighs any future danger
9   posed by Mr. Tolentino.

10  Moreover, full consideration of Mr. Tolentino's history and characteristics, as set forth in the
11  PSR and in the character letters attached, supports the requested sentence.  Exhibit B.

12  Finally, the rehabilitative aims of sentencing are satisfied by Mr. Tolentino's participation in
13  the Bureau of Prisons 500-hour drug treatment program, and by treatment during supervised release.

14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //

DEFT SENT MEMO                                  - 3 -
*U.S. v. Tolentino*, CR 07-0308 CRB

**CONCLUSION**

For all of the foregoing reasons, Frank Tolentino respectfully requests that the Court impose a sentence of sixty months in prison. He also asks that the Court recommend his participation in the Bureau of Prisons 500 hour residential drug treatment program.

Dated: May 2, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

RONALD C. TYLER
Assistant Federal Public Defender